**TO: Clerk's Office**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**APPLICATION FOR LEAVE**
**TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IN RE COMPLAINT AND AFFIDAVIT IN
SUPPORT OF APPLICATION FOR ARREST
OF RAFAEL ORTIZ AND LENN VALENCIA

22-MJ-635
_____
Docket Number

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff ____ Defendant ____ DOJ ✓
Name: Miranda Gonzalez
Firm Name:United States Attorney's Office, E.D.N.Y.
Address: _ 271 Cadman Plaza East
          Brooklyn, NY 11201
Phone Number: 718-254-6183 / 917-589-5181
E-Mail Address: Miranda.Gonzalez@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES ____ NO ✓
**If yes, state description of document to be entered on docket sheet:**
_____
_____

**MANDATORY CERTIFICATION OF SERVICE:**
**A.)** ____ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ____ Service is excused by 31 U.S.C. 3730(b), or by
the following other statute or regulation: ____ ; or **C.)** ✓ This is a criminal document submitted, and flight public safety, or security are significant concerns.
(Check one)

June 14, 2022
_____
DATE

*Miranda Gonzalez*
_____
SIGNATURE

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered: _____
Judge/Magistrate Judge: _____
Date Entered: _____

**B) If a new application,** the statute, regulation, or other legal basis that
authorizes filing under seal
_____
Ongoing criminal investigation
_____

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE,**
**AND MAY NOT BE UNSEALED UNLESS ORDERED BY**
**THE COURT.**

DATED: Brooklyn _____, NEW YORK

*Vera M. Scanlon 6/14/22*
_____

**U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE _____
                              DATE

WK:MG
F. #2022R00451

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

       - against -

RAFAEL ORTIZ and LENNY
VALENCIA,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**TO BE FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR AN ARREST WARRANT

(18 U.S.C. § 1951(a))

Case No. 22-MJ-635

EASTERN DISTRICT OF NEW YORK, SS:

      CRAIG MATTEO, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

<u>HOBBS ACT ROBBERY</u>

      On or about May 15, 2022, within the Eastern District of New York and elsewhere, the defendants RAFAEL ORTIZ and LENNY VALENCIA did knowingly and intentionally obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from a convenience store located at 1267 Forest Avenue, Staten Island, New York, 10302.

      (Title 18, United States Code, Sections 1951(a) and 3551 <u>et seq</u>.)

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1.    I am a Special Agent with the FBI and have been since 2018.   My experience has included investigating and tracking individuals involved in a variety of violent crimes.   In the course of my work, I have conducted physical surveillance, executed search warrants, and reviewed electronic records, including records regarding cell phone location information.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file and videos; and from reports of other law enforcement officers involved in the investigation.

<u>Staten Island Armed Robbery</u>

2.    On May 15, 2022, at approximately 4:51 p.m., two robbers entered and robbed a convenience store located at 1267 Forest Avenue, Staten Island, New York (the "Staten Island Armed Robbery").[2]   One pointed a firearm at the store clerk and demanded money from the register while the other grabbed the cash.   The robbers stole approximately $200 from the register.

3.    I have reviewed security videos from inside and outside the convenience store at the time of the armed robbery.   A black Honda sedan can be seen parking near the convenience store.   A photograph of the black Honda sedan is below:



---

[2] The convenience store located at 1267 Forest Avenue, Staten Island sells items that are manufactured outside the state of New York.

4.      The video footage shows two men get out of the car—from the front passenger seat and the right back seat.   They have their hoods up and they have black facemasks covering their mouths and noses.   The taller man is wearing glasses, a black pullover hoodie, black pants and black sneakers.   His hoodie has distinctive white writing that runs vertically down each arm.   The shorter man is wearing sunglasses, a black North Face zip-front jacket with a hood, and black pants with white on the pockets.   He is also wearing, over black sneakers, shoe covers in a green camouflage print.

5.      The two men enter the store and wait until a customer leaves the store. They walk to the counter where the taller robber places a silver and black gun, still in his hand, on the counter pointed at the store clerk.   In a statement made later to officers, the store clerk reported, in substance and in part, that the taller robber demanded, "Give me all the money in the register."   Video footage shows the store clerk place cash from the register on the store counter and the shorter robber grab the cash and stuff it into his right and left jacket pockets.   The two robbers run out of the store and get in the front passenger seat and right back seat of the same black sedan, before driving off.   A photograph of the two robbers is below:



6.      Approximately three minutes later, a 911 caller reported that she had seen

two men run out of a store and get into a black Honda Accord sedan with a Connecticut license plate number of AE90354 (the "Getaway Vehicle").

7.     Approximately six minutes after the 911 call, a New York City Police Department ("NYPD") car stopped a black Honda Accord with a Connecticut license plate number of AE90354.   It matched the description of the Getaway Vehicle reported by the 911 caller.   It also matched the Getaway Vehicle shown in the security video, which was first reviewed days later.

8.     Body cam footage from the NYPD officers who stopped the Getaway Vehicle shows four individuals in the car.   One gets out of the vehicle from the front passenger seat and identifies himself as RAFAEL ORTIZ.   ORTIZ is wearing glasses, a black pullover hoodie, black pants and black sneakers, and his hoodie has distinctive white writing that runs vertically down each arm.   Still images taken from the body cam footage, when compared to images taken from the video footage of the armed robbery committed minutes earlier, reveal that ORTIZ is wearing clothing identical to that of the taller robber who pointed the gun at the store clerk:







9.     Another individual gets out of the vehicle from the right back seat and identifies himself as LENNY VALENCIA.   VALENCIA is wearing a black unzipped North Face jacket with a hood and black pants with white on the pockets, and he is also wearing, over black sneakers, shoe covers in a green camouflage print.   Still images taken from the body cam footage, when compared to images taken from the video footage of the armed robbery committed

minutes earlier, reveal that VALENCIA is wearing clothing identical to that of the shorter robber who grabbed the cash from the store clerk:

 

 

10.    Body cam footage shows officers search the car and find two black ski masks on the car floor in the backseat and black sunglasses hidden underneath the console in the backseat.   The officers search the car trunk and find two New York license plates, each with

license plate number KTN2096.   The car stop concluded without an arrest, and the car and its occupants drive off.

11.     A license plate reader analysis was subsequently conducted on the black Honda Accord with Connecticut license plate number AE90354.   The analysis reveals that after the car stop concluded, the vehicle drove off and was identified in Staten Island around 5:52 p.m. Around 7:23 p.m., the vehicle traveled on the Verrazano Bridge and exited at the 92nd Street Brooklyn ramp into Brooklyn.   An hour later, the vehicle re-entered the Verrazano Bridge via the 92nd Street Brooklyn ramp, and it crossed into Staten Island.

12.     Records obtained from the New York City Department of Probation and also from telephone carriers indicate that ORTIZ and VALENCIA live in the same apartment in Staten Island, New York.

13.     Video footage taken from the apartment building of ORTIZ and VALENCIA on the same day as the above-described Staten Island Armed Robbery shows ORTIZ, VALENCIA and a third individual enter the apartment building, after the robbery, around 7:05 p.m.   VALENCIA is still wearing, over black sneakers, shoe covers in a green camouflage print.   The third individual is carrying what appears to be black masks.





14.     Three armed robberies were committed in Brooklyn the days before and after the Staten Island Armed Robbery.   A review of video footage, LPR analyses and witness testimony reveal that, in all four Armed Robberies, the description of the two robbers, the manner of the robbery, the Getaway Vehicle, and the driving route of the Getaway Vehicle are strikingly consistent.

First Brooklyn Armed Robbery

15.     On May 7, 2022, officers responded to an armed robbery committed around 7:24 p.m. at a smoke shop, Viral Exotic Smoke Shop, located at 8711 5th Avenue, Brooklyn (the "First Brooklyn Armed Robbery").

16.     Security camera video footage from outside the store shows a black sedan, which I believe to be the Getaway Vehicle, park parallel to the curb, with the left side of the sedan parked next to the curb.   Two men, who I believe to be ORTIZ and VALENCIA, get out of the Getaway Vehicle.   As in the Staten Island Armed Robbery, ORTIZ gets out of the front passenger seat and VALENCIA gets out of the right back seat and walks around the Getaway Vehicle to reach the curb.

17.     Video footage taken from inside the store shows the two men enter the store.   ORTIZ is wearing glasses and VALENCIA is wearing sunglasses—also like in the Staten Island Armed Robbery.   Both are wearing black jackets with the hoods up, black pants and black shoes, with black facemasks covering their noses and mouths.   The two men enter the store where they approach the counter, and ORTIZ with his right hand points a gun, partially

wrapped in fabric, at the store clerk.   In a statement made later to officers, the store clerk

reported that ORTIZ demanded, "Give me the money"—similar to "Give me all the money in the

register" demanded during the Staten Island Armed Robbery.   Video footage shows the store

clerk place cash from the register on the store counter, and VALENCIA grab the cash and stuff it

into his right and left jacket pockets—just as video showed VALENCIA did in the Staten Island

Armed Robbery.   The two men stole approximately $1,950.   As in the Staten Island Armed

Robbery, the men run out of the store and get in the front passenger seat and right back seat of

the Getaway Vehicle, before driving off.

        18.      The LPR analysis on the Getaway Vehicle reveals that before First

Brooklyn Armed Robbery, the Getaway Vehicle left Staten Island, traveled on the Verrazano

Bridge, and got off at the 92nd Street ramp into Brooklyn.   Several minutes after the First

Brooklyn Armed Robbery, the Getaway Vehicle fled to Staten Island by entering the Verrazano

Bridge through the 92nd Street Brooklyn ramp.   A few hours later, it drove back to Brooklyn on

the Verrazano Bridge and got off at the 92nd Street ramp, and then returned to Staten Island

doing the reverse commute.   This driving pattern is consistent with the Getaway Vehicle driving

from ORTIZ and VALENCIA's home in Staten Island to the armed robbery in Brooklyn and

then fleeing back to Staten Island.

Second Brooklyn Armed Robbery

        19.      On May 10, 2022, officers responded to an armed robbery committed

around 5:26 p.m. at a smoke shop, Tobacco Shop Corp., located at 554 86th Street, Brooklyn

(the "Second Brooklyn Armed Robbery").   Security video footage from outside the store shows

ORTIZ and VALENCIA walk across the street, both wearing black jackets with the hoods up

and dark pants.   In a statement made later to officers, the store clerk reported that the individual

identified as ORTIZ displayed a gun, placed it on the store counter, and demanded the money in

sum and substance—just as video showed ORTIZ did in the Staten Island and First Brooklyn

Armed Robberies.   The store clerk reported that he placed cash from the register on the store

counter, and the individual not holding the gun, identified as VALENCIA, took the cash—just as

video showed VALENCIA did in the Staten Island and First Brooklyn Armed Robberies.   The

two men stole approximately $1,000.

> 20.    Video footage from outside the store then shows the two men run down

the sidewalk.   As in the Staten Island and First Brooklyn Armed Robberies, ORTIZ and

VALENCIA get into the front passenger seat and right back seat of a black Honda sedan I

believe to be the Getaway Vehicle, and it immediately drives off.

> 21.    The LPR analysis on the Getaway Vehicle shows its route before and after

the Second Brooklyn Armed Robbery matches its route before and after the First Brooklyn

Armed Robbery.   The analysis reveals that, before the Second Brooklyn Armed Robbery, the

Getaway Vehicle left Staten Island, traveled on the Verrazano Bridge, and got off at the 92nd

Street ramp into Brooklyn.   Several minutes after the Second Brooklyn Armed Robbery, the

Getaway Vehicle fled to Staten Island by entering the Verrazano Bridge through the 92nd Street

Brooklyn ramp.   A few hours later, it drove back to Brooklyn on the Verrazano Bridge and got

off at the 92nd Street ramp, and then returned to Staten Island doing the reverse commute.   As

above, this pattern of movement is consistent with travel to and from the residence of ORTIZ

and VALENCIA and the location of the armed robbery.

Third Brooklyn Armed Robbery

> 22.    On May 16, 2022, officers responded to an armed robbery committed

around 9:10 p.m. at a bodega, Organic Corp., located at 6902 18th Avenue, Brooklyn (the "Third

Brooklyn Armed Robbery").

23.    Video footage from inside and outside the bodega shows two men, who I believe to be ORTIZ and VALENCIA, walk down the street towards the bodega.   Their hoods are up and they each have a black facemask covering their mouths and noses. VALENCIA is wearing sunglasses, black North Face zip-front jacket with a hood and black pants with white on the pockets.   He is also wearing, once again, shoe covers over black sneakers—this time the covers are blue.   VALENCIA's North Face zip-front jacket, black pants with white on the pockets and sunglasses match the outfit of the shorter male in the Staten Island Armed Robbery. ORTIZ is wearing black hooded jacket with a red shirt peeking out at the bottom, blue jeans and black shoes.   He is also wearing glasses like the taller male in each of the Armed Robberies.

24.    They walk to the counter where ORTIZ places a silver and black gun on the counter—just as he did in the Staten Island and Second Brooklyn Armed Robberies.   The gun's appearance also matches that of the gun from the video footage of the Staten Island Armed Robbery.

25.    In a statement made later to officers, the store clerk reported that ORTIZ demanded, "Robbery, give me the money"—similar to "give me all the money in the register" and "give me the money" demanded during the Staten Island and First Brooklyn Armed Robberies, respectively.   Video footage shows the store clerk place cash from the register on the store counter, VALENCIA grab the cash and stuff it into his right and left jacket pockets—just as video showed VALENCIA did in the Staten Island and First Brooklyn Armed Robberies Armed Robberies.   The two men stole approximately $600.

26.    Video footage from outside the store then shows the two men run down the sidewalk.   As in the Staten Island Armed Robbery and the First and Second Brooklyn Armed Robberies, ORTIZ and VALENCIA get into the front passenger seat and right back seat of the black sedan I believe to be the Getaway Vehicle, and it immediately drives off.

27.     The LPR analysis on the Getaway Vehicle shows its route before and after the Third Brooklyn Armed Robbery matches its route before and after the First and Second Brooklyn Armed Robberies.   The analysis reveals that before the Third Brooklyn Armed Robbery, the Getaway Vehicle left Staten Island, traveled on the Verrazano Bridge, and got off at the 92nd Street ramp into Brooklyn.   Several minutes after the Third Brooklyn Armed Robbery, the Getaway Vehicle fled to Staten Island.   As above, this pattern of movement is consistent with travel to and from the residence of ORTIZ and VALENCIA and the location of the armed robbery.

28.     Video footage taken from ORTIZ and VALENCIA's residence one hour before the armed robbery shows them exit the building.   ORTIZ and VALENCIA's outfits are consistent with those of the two men committing the armed robbery earlier that day.   Around 30 minutes after the robbery, video footage shows ORTIZ and VALENCIA enter the apartment building again wearing the same clothes as the robbers.   VALENCIA is also carrying black ski masks in his hands.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendants RAFAEL ORTIZ and LENNY VALENCIA so that they may be dealt with according to law.

## SEALING REQUEST

I request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving the defendant an opportunity to flee from prosecution, destroy or tamper with evidence and change patterns of behavior.

CRAIG MATTEO
Special Agent
Federal Bureau of Investigation

Sworn to before me by telephone this
14th day of June, 2022

*Vera M. Scanlon*

THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

United States of America
v.
RAFAEL ORTIZ and LENNY VALENCIA

)
)
)     Case No.     22-MJ-635
)
)
)
)

*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     RAFAEL ORTIZ and LENNY VALENCIA                                ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment     ❏ Superseding Indictment     ❏ Information     ❏ Superseding Information     ☑ Complaint
❏ Probation Violation Petition     ❏ Supervised Release Violation Petition     ❏Violation Notice     ❏ Order of the Court

This offense is briefly described as follows:

Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a)

Date:     *6/14/22*                             *Vera M. Scanlon*

*Issuing officer's signature*

City and state:     Brooklyn, New York

*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____     |

*Arresting officer's signature*

*Printed name and title*

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

_____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____    Weight: _____

Sex: _____    Race: _____

Hair: _____    Eyes: _____

Scars, tattoos, other distinguishing marks: _____

_____

History of violence, weapons, drug use: _____

_____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

_____

FBI number: _____

Complete description of auto: _____

_____

Investigative agency and address: _____

_____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

_____

_____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

_____

_____